## UNITED STATES v. O'MALLEY.
### No. 16658.

United States District Court
E. D. Pennsylvania.
Jan. 8, 1954.

W. Wilson White, U. S. Atty., Philadelphia, Pa., Fred G. Folsom, Special Asst. to U. S. Atty., Washington, D. C., for plaintiff.

Lemuel B. Schofield, Marvin Comisky, Philadelphia, Pa., for defendant.

GRIM, District Judge.

The defendant, John J. O'Malley, has been convicted of income tax evasion. The Government's case was based upon a net worth theory under which it attempted to prove that defendant's net worth increased during the year 1946[1] substantially more than the amount which defendant had stated his income to be in his income tax return for that year. From this circumstantial evidence

---

1. At the close of the testimony the Government was granted leave to withdraw from the jury Count I of the Indictment covering the year 1945. The case was submitted to the jury on Count II, which is now the only Count involved and which charges an income tax violation for the year 1946.

the Government argued, and apparently the jury believed, that defendant's income was substantially greater than the income on which he had paid tax. Defendant has filed a motion for a new trial and a motion for judgment of acquittal.

The principal witness for the Government was Ferman O. Steveson, a special agent of the Bureau of Internal Revenue, who testified both as an expert witness and as a factual witness. As a fact witness he testified in reference to certain admissions of the defendant and also in reference to certain information set forth in books and records of the defendant. As an expert Steveson calculated what he conceived to be defendant's unreported income and tax deficiency by means of an analysis of the amount of cash available to defendant from August 14, 1930 (the Government's starting point) through December 31, 1944, and of the defendant's net worth as of December 31, 1944, December 31, 1945, and December 31, 1946.

Steveson first computed defendant's unreported income and tax deficiency on the basis of his analysis of what he thought was evidence in the case. During cross-examination, when it was discovered that some of the exhibits and other information on which he had relied were not in evidence, he withdrew his statement as to the amount of deficiency and attempted to arrive at a different result by a second analysis in response to a hypothetical question. His answer to the hypothetical question was also discredited on cross-examination and finally all his expert testimony was stricken from the case, the Court saying: "I now strike Mr. Steveson's computation of the tax and also his analysis of the evidence in the case."

Steveson was on the witness stand eight days. His testimony covers about 800 pages of the 2200-page transcript of the record of the trial. His fact testimony takes up approximately 200 pages and his expert testimony takes up approximately 600 pages of the transcript. With the short 19 word statement referred to above, and with it alone, the Court attempted to remove approximately six days and 600 pages of testimony from the record and from the minds of the jury. In its charge the Court did not explain exactly what testimony had been stricken from the case. Indeed, probably no satisfactory statement of exactly what evidence had been and had not been stricken from the case could have geen given. Steveson's fact and expert testimony is so intermixed throughout his 800 pages of testimony that it is quite difficult at certain points to be sure which is fact testimony and which is expert testimony.

The Government submitted no point for charge to help the Court to explain to the jury exactly what part of Steveson's testimony had been stricken. Defendant's counsel submitted a point for charge (No. 6) which was affirmed and read by the Court, but this point for charge was both erroneous and confusing. Among other things the point stated:

> "The testimony of the Government's expert witness, who attempted to present two sharply different computations of the defendant's net worth on that date, namely, January 1, 1946, has been stricken."

This point for charge, which obviously referred to Steveson's testimony, was erroneous in that it stated that Steveson's testimony had been stricken when in fact only part of it had been stricken. Its effect must have been to confuse further the jury which, at the time the point for charge was read, could not have had a clear conception of which part of Steveson's testimony was still in the case.[2]

---

2. Defendant is in no position to complain of the error which the Court made in affirming his point for charge, since the error was induced by defendant's counsel. The affirming of this point for charge is mentioned only to show the confusion which resulted from Steveson's testimony and the attempt to strike the incompetent part of it from the record.

Even if it should be assumed that the jury knew exactly what part of Steveson's testimony had been stricken, the effect on the jury of Steveson's incompetent testimony would still be a problem in the case. It is hardly possible that the jurors could have excluded from their minds the impression which they had gained from hearing six days of testimony, even though they may have understood the order of the Court in its effort to strike it from the case.

After Steveson's expert testimony had been stricken, leaving no expert analysis in the case, the Government offered no additional expert testimony, but Government counsel in his summation provided the jury with a third analysis of the evidence and computation of the tax from the Government's point of view. Then defendant's counsel in his summation supplied to the jury an exhaustive analysis of the evidence and computation of the tax from the defendant's point of view. Under the analysis made by defense counsel there was no tax deficiency. Although we know from the verdict that the jury did not accept the analysis made by defendant's counsel, it is impossible to determine whether the jury accepted the Government counsel's analysis and computation or Steveson's analysis and computation or part of both. And it cannot be determined with any certainty whether the jury would have rejected the analysis of defense counsel if Steveson's analysis had not been given to it.

In view of the uncertainties and confusion which have been created by Steveson's incompetent testimony, and in justice to the defendant, a new trial must be granted.

Experts are proper and indeed very helpful witnesses in the trial of income tax evasion cases, United States v. Johnson, 1943, 319 U.S. 503, 63 S.Ct. 1233, 87 L.Ed. 1546; United States v. Caserta, 3 Cir., 1952, 199 F.2d 905. But, since experts to a certain extent substitute themselves for the jury in analyzing evidence and forming an opinion in a case,[3] it is very important that experts do their work with certainty and precision and without substantial error. It is indeed substantial error when expert testimony, which takes six days out of a total of twenty-one trial days, must be stricken from a case. When this happens a new trial should be granted.

Defendant's counsel has submitted many contentions in support of his motion for judgment of acquittal. These I overrule without discussion. It will be unnecessary to discuss the other contentions in support of the motion for a new trial.

And now, January 8, 1954, it is ordered that defendant's motion for judgment of acquittal is hereby denied and that his motion for new trial is hereby granted.

3. In United States v. Caserta, 3 Cir., 1952, 199 F.2d 905, 908, Judge Goodrich states: "The decisions have gone a great distance in allowing expert witnesses to aid a jury in these prosecutions for income tax violations. The reason is pretty clear. By their very nature the cases are full of complicated figures. An expert's testimony helps the jury understand the problem even though the final responsibility for answering the questions involved remains with them." When an expert makes substantial mistakes in his testimony he hampers the jury in its understanding of the case just as much as he is helpful to the jury when he testifies properly.